UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                            Case No. 1:08-CR-91

CESAR MEJIA-RUIZ                      COLLIER/CARTER

    Defendant.

## REPORT AND RECOMMENDATION

      Pursuant to 28 U.S.C. § 636(b), I conducted a plea hearing in this case on February 12, 2009. At the hearing, defendant entered a plea of guilty to Count Six of the Seven-Count Superseding Indictment. There is no written plea agreement in this case, however, the government announced at the hearing its agreement to dismiss the other counts of the Indictment. On the basis of the record made at the hearing, I find that the defendant is fully capable and competent to enter an informed plea; that the plea is made knowingly and with full understanding of each of the rights waived by defendant; that it is made voluntarily and free from any force, threats, or promises, that the defendant understands the nature of the charge and penalties provided by law; and that the plea has a sufficient basis in fact.

      I therefore recommend that defendant's plea of guilty to Count Six of the Seven-Count Superseding Indictment be accepted, that the Court adjudicate defendant guilty of the charges set forth in Count Six of the Seven-Count Superseding Indictment. I further recommend defendant

1

remain in custody until sentencing in this matter. Acceptance of the plea, adjudication of guilt, and imposition of sentence are specifically reserved for the district judge.

The defendant's sentencing date is scheduled for **Thursday, May 21, 2009, at 2:00 pm**.

Dated: February 13, 2009
           s/William B. Mitchell Carter
           UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

  You have the right to de novo review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than ten days after the plea hearing. Failure to file objections within ten days constitutes a waiver of any further right to challenge the plea of guilty in this matter. See 28 U.S.C. §636(b).